IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WYMAN FLOYD AND**
**KATHLEEN FLOYD**                                                            **PLAINTIFFS**

**VERSUS**                                            **CIVIL ACTION NO. 2:07cv293KS-MTP**

**COMMUNITY BANK**                                                             **DEFENDANT**

**ORDER**

This matter is before the court on the Motion to Dismiss for Failure to Arbitrate **[#4]** filed on behalf of the defendant.  The court, having reviewed the motion, being advised that the plaintiffs have wholly failed to respond and being fully advised in the premises, finds that the motion is not well taken and should be denied.  The court specifically finds as follows;

On September 25, 2007, the plaintiffs filed a Complaint in the Circuit Court of Lamar County, Mississippi against the defendant asserting that it had violated the Service Members' Civil Relief Act (SCRA), 50 App. U.S.C. § 501, *et seq*, by attempting to collect debts owed to it by the plaintiffs while plaintiff Wyman Floyd was serving on active military duty with the United States Armed Forces.  The defendant was served with process on October 10, 2007, and timely removed the action to this court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  The defendant filed a motion to compel arbitration concurrently with the removal notice, to which the plaintiffs

did not respond. The court granted that motion by Order dated February 5, 2008.

In that Order, the court concluded that this matter was governed by the Federal Arbitration Act and that as such the claims of the plaintiffs were subject to arbitration. The court ordered the parties to submit the matter to binding arbitration as per the agreement between the parties and dismissed this case without prejudice subject to a re-filing to enforce any arbitration award. The court did not retain jurisdiction in this case to entertain any other or further relief sought by the parties or to enforce any arbitration award ultimately entered.

Community Bank, in an effort to comply with this court's order, requested the plaintiffs to submit the required claim forms to the National Arbitration Forum in order to initiate arbitration. To date, the plaintiffs have failed to submit the claim to arbitration. Community Bank now moves the court to dismiss the plaintiffs' claims.

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (citations omitted). The plaintiffs' claims have been dismissed without prejudice and ordered to arbitration. This case was dismissed, not stayed pending the resolution of arbitration proceedings. There is nothing further before the court in regard to this claim. Any enforcement action on any arbitration award would, necessarily, have to be filed in a separate action. There being nothing before the court for resolution, the defendant's motion should be denied as moot.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss for

Failure to Arbitrate **[#4]** filed on behalf of the defendant is denied as moot.

SO ORDERED AND ADJUDGED, this the 9th day of September, 2008.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE